## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WILMINGTON TRUST COMPANY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:15-CV-2024-M (BF)** |
| | § | |
| **BRAD PRUITT AND JOYCE PRUITT,** | § | |
| **Defendants.** | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

The above-entitled cause has been referred to United States Magistrate Judge for Pretrial Management. *See* Standing Order of Reference [D.E. 6]. Before the Court is Plaintiff's Motion for Substituted Service and for Citation by Publication on Defendants [D.E. 8]. For the following reasons, the Court denies Plaintiff's motion.

### Legal Standard

The Federal Rules of Civil Procedure provide that an individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." FED R. CIV. P. 4(e)(1). The Texas Rules of Civil Procedure allow for citation by publication. *See* TEX R. CIV. P. 109. "Citation by publication is a form of substituted service that, through a small notice published in the classified section of a local newspaper, is meant to apprise a defendant that his rights are at stake." *Robb v. Horizon Communities Improvment Ass'n, Inc.*, 417 S.W.3d 585, 591 (Tex. App.–El Paso 2013). Before publication can be made, the party to the suit must "make oath that the residence of any party defendant is unknown to the affiant . . . and that after due diligence . . . the affiant ha[s] been unable to locate the whereabouts of such defendant . . . ." TEX R. CIV. P. 109. The rule also places a duty

1

on the trial court to "inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant . . . before granting any judgment on such service." *Id.* Inquiry by the court is necessary because "service by publication is authorized when 'it is not reasonably possible or practicable to give more adequate warning.'" *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)). Furthermore, "service by publication should be a last resort, not an expedient replacement for personal service." *Id.* at 561. "If personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." *Id.* at 564. It is the burden of the movant to demonstrate that reasonable diligence was made to effect personal service or that a diligent search to locate the party to be served. *Robb*, 417 S.W.3d at 591.

The Supreme Court of Texas explained that "[a] diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *In re E.R.*, 385 S.W.3d at 565. The court considered several factors in determining whether diligent efforts had been made in the *In re E.R.* case. *See id.* These factors include: making "obvious inquiries that a prudent investigator would [make]," "attempt[ing] service by mail in an effort to obtain a forwarding address," or "pursu[ing] other forms of substituted service that would have been more likely to reach" the defendant. *Id.* (internal quotations omitted).

Courts in Texas have considered telephone calls to the defendant's last known phone number and letters sent to multiple recent addresses part of a diligent effort to locate or serve a party. *See In the Interest of J.P. and J.E.B.*, No. 04-15-00145-CV, 2015 WL 4554256, at *2 (Tex. App.–San Antonio July 29, 2015). Other courts have considered the checking of public records, such as Texas Driver's License records, a factor in determining whether a diligent search had been conducted. *Isaac*

*v. Westheimer Colony Ass'n, Inc.*, 933 S.W.2d 588, 590 (Tex. App.–Houston [1st Dist.] 1996). Finally, the Fifth Circuit has held that sending the defendant certified mail and email was part of a diligent search. *See U.S. v. 200 Acres of Land*, 773 F.3d 654, 660 (5th Cir. 2014).

### Analysis

In the case at hand, this Court must "inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant" before Plaintiff Wilmington Trust Company's motion can be granted. *See* TEX R. CIV. P. 109. The burden to prove a reasonably diligent search was made to locate or effectively serve Defendants Brad and Joyce Pruitt (collectively, the "Pruitts") rests on Plaintiff Wilmington Trust Company ("Wilmington"). *See Robb*, 417 S.W.3d at 591. The totality of Wilmington's evidence that it has made diligent efforts to effect service or locate the Pruitts consists of the two affidavits of its process server. *See* Ex. A [D.E. 10-1 at 2]; Ex. B [D.E. 10-1 at 6]. These affidavits state service was attempted once, a neighbor indicated that the house has been vacant for some time, and a letter at the house suggests the house has been winterized. *Id*. Wilmington does not present evidence that it attempted to contact the Pruitts through telephone calls or letters. *See In the Interest of J.P.*, 2015 WL 4554256, at *2. Further, Wilmington does not present evidence that it has conducted any type of record search, such as checking the Pruitt's Texas Driver's License Records. *See Isaac*, 933 S.W.2d at 590. Also, Wilmington does not evidence any other methods, such as email, were incorporated into its attempts to effect service or locate the Pruitts. *See 200 Acres of Land*, 773 F.3d at 660.

Because service by publication is a last resort method of service, to be used only after other methods have proven to be fruitless, Wilmington's singular attempt to effect service does not satisfy its burden. *See In re E.R.*, 385 S.W.3d at 566. Although, quantity is not a factor to be considered, the

quality of this single attempt has not eliminated other types of service or means to locate the Pruitts. *See id.* at 565. Further, Wilmington has not demonstrated that "it is not reasonably possible or practicable to give more adequate warning." *See Mulane*, 339 U.S. at 317.

In conclusion, Wilmington simply has not shown that it has made the "inquiries that someone who really wants to find the [Pruitts] would make."*See In re E.R.*, 385 S.W.3d at 565. Therefore, the Court **DENIES** Plaintiff's Motion for Substituted Service and for Citation by Publication on Defendants [D.E. 8].

As a final note, the Court observes that Wilmington has been provided at least 179 days to serve the Pruitts. Therefore, Wilmington is hereby given notice that a recommendation will be made for this case to be dismissed if the Pruitts are not served within one week from the entry of this order.

**SO ORDERED**, December 11, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE