

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST COMPANY, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:15-CV-2024-M (BF) |
| BRAD PRUITT and JOYCE PRUITT, | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for Pretrial Management. *See* Standing Order of Reference [ECF No. 6]. On September 16, 2016, Wilmington Trust Company ("Plaintiff") filed its Motion for Default Judgment [ECF No. 27]. For the following reasons, the undersigned respectfully recommends that the district court **DENY** Plaintiff's Motion for Default Judgment [ECF No. 27] and dismiss this case for lack of subject matter jurisdiction.

### Background

On September 7, 2000, Brad Pruitt and Joyce Pruitt ("Defendants") executed a Contract for Deed (the "Deed") in the principal amount of $56,000.00 for real property located at 107 N. 2nd Street Celeste, Texas 75423 (the "Property"). Pl.'s Compl. 3 ¶ 12 [ECF No. 1]. Plaintiff allegedly recorded the Deed in Hunt County, Texas as document number 12374. *Id.* at 3-4 ¶¶ 12-13 [ECF No. 1]. Plaintiff alleges to be the current owner and holder of the Deed. *Id.* [ECF No. 1]. Plaintiff alleges Defendants defaulted on the Deed on December 1, 2010. *Id.* at 3-4 ¶¶ 12-13 [ECF No. 1]. Plaintiff seeks to enforce the Deed through judicial foreclosure against Defendants. *Id.* at 3 ¶ 17 [ECF No. 1]. Plaintiff requests a judgment allowing it to foreclose on the Property and for attorneys' fees. *Id.* at 3 ¶¶ 18-19 [ECF No. 1].

On November 9, 2016, this Court vacated its Findings, Conclusions, and Recommendation to the district court to grant Plaintiff's motion. *See* Order 1 [ECF No. 29]. The Court ordered

1

Plaintiffs to produce evidence showing the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 2 [ECF No. 29]. The Court held a hearing on this matter on December 5, 2016. *See* Docket [ECF No. 30].

### Jurisdiction

Subject matter jurisdiction may be raised by a court *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). In fact, at any level of the proceedings, a federal court has an independent duty to examine whether it has subject matter jurisdiction over the case. *See id.* at 583 ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level."). Furthermore, before a federal court can consider the merits of a claim, it must be satisfied that it has subject matter jurisdiction over the action. *Id.* The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See* 28 U.S.C. §§ 1331, 1332. The party asserting jurisdiction carries the burden of establishing subject matter jurisdiction. *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012). Accordingly, before turning to the pending motion, this Court must first determine whether it has jurisdiction to hear the case.

### Discussion

At the hearing on December 5, 2016, Plaintiff's counsel acknowledged that this Court does not have subject matter jurisdiction. Oral Arg. at 04:10. Counsel stated on the record they were now aware after the Court's order [ECF No. 29] that this Court lacked subject matter jurisdiction. Counsel agreed with the Court that they do not meet the minimum amount in controversy of $75,000.00 in a diversity action for the reasons set forth in the Court's order. *See* Order 2 [ECF No. 29]; Oral Arg. at 07:47. Plaintiff requests the Court to dismiss this case for lack of subject

matter jurisdiction in lieu of filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) so it may toll the statute of limitations.[1] Oral Arg. at 04:48.

The Court finds that it lacks subject matter jurisdiction over the case. Plaintiff does not meet the minimum amount in controversy requirement. *See* Order 2 [ECF No. 29]; Plf.'s Compl. 3 ¶ 9 [ECF No. 1]. Further, Plaintiff specifically requests the Court to dismiss for lack of jurisdiction. Accordingly, the Court respectfully recommends that the district court dismiss for want of jurisdiction. *See McDonald v. Asvestas*, No. 3:97-CV-0120-G, 1997 WL 74711, at *1 (N.D.Tex. Feb. 12, 1997) ("If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case.").

## RECOMMENDATION

Because the Court lacks subject matter jurisdiction over the action, the district court should dismiss this case without prejudice and DENY as MOOT Plaintiff's Motion for Default Judgment [ECF No. 27].

**SO RECOMMENDED**, this 28 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that it appears this suit is time barred by the four year statute of limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a) ("[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).